**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS WILLIAMS, | No. 13-70973 |
| Petitioner, | Agency No. A042-251-621 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2016[**]
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Curtis Williams, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for protection under the Convention Against Torture ("CAT").[1]

1.      Substantial evidence supports the BIA's determination that Williams failed to establish that there was a clear probability of torture if he returns to Jamaica. Williams failed to provide any objective evidence that the Jamaican government would seek Williams out or would acquiesce to his torture by supporters of the People's National Party.  The BIA properly relied on the 2011 State Department Country Report to support its conclusion that Williams was not more likely than not to be tortured if he returned to Jamaica.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1219 (9th Cir. 2005) ("It is well-accepted that country conditions alone can play a decisive role in granting relief under CAT." (internal quotation marks and alteration omitted)).  The 2011 State Department Country Report notes that neither the government nor its agents "commit[ted] politically motivated killings." Although there was evidence of arbitrary killings, "generalized evidence of

_____

[1] In addition to CAT relief, Williams also applied for withholding of removal.  The immigration judge (IJ) concluded that he was ineligible for relief because he had been convicted of a "particularly serious crime."  The BIA affirmed this holding.  Williams does not challenge this conclusion in his opening brief. Thus, it is waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

violence and crime" in Jamaica (not particular to Williams) is insufficient to demonstrate eligibility for relief under CAT. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Nothing in the record, including the 2011 State Department Country Report, compels a contrary conclusion.

2.     The BIA did not err in concluding that Williams failed to submit reasonably obtainable corroborating evidence. Williams made no attempt to obtain any corroborating evidence to support his claim that he will be tortured if he returns to Jamaica. The fact that Williams made no effort to contact any family member or friend (because of either the passage of time or his poor relationships) does not compel a conclusion that the corroborating evidence was not reasonably obtainable. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). To the extent that Williams argues that the BIA failed to consider the 2011 State Department Country Report, we disagree. The BIA specifically relied on the report in reaching its conclusion. Further, Williams does not cite to any specific information contained in the report that the BIA failed to consider.

3.     We take judicial notice of Ahmed Mahmoud Abdallah's (Williams's counsel) inactive bar status, in light of his previously filed motion to withdraw. We direct the clerk to terminate counsel from the docket and note that Williams is

3

pro se. We further direct Respondent to serve Williams with this memorandum disposition at his last known address.

**PETITION FOR REVIEW DENIED.**